UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MOHAMMED M. HUNAFA,**

    **Plaintiff,**

v.                                      Case No: 8:11-CV-1419-T-30AEP

**LIEUTENANT STANLEY SCHAEFFER/
MANATEE COUNTY SHERIFF OFFICE**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1), and Affidavit of Indigency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*. The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed.Appx. 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949, (2009). In reviewing the Complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff alleges in his Complaint that Defendant violated 18 U.S.C. § 2265 and Florida Statute § 790 by removing "from [his] person a item of personal protection and did fail to return property under the provisions of above codes that prohibit the defendant from illegal action stated in inclosed information when it was claimed by defendant that said item was illegal to be carried by my person." (Dkt. No. 1 at 1.) Plaintiff asks that the Court award $1,000,000 in punitive damages for these alleged violations.

After a careful review of the Complaint, the Court is still unable to ascertain a federal cause of action in Plaintiff's allegations. Rather, 18 U.S.C. § 2265 pertains to the full faith and credit given to protection orders. As Plaintiff has not alleged anything pertaining to protection orders, the Court is unable to recognize a cause of action and/or subject matter jurisdiction over Plaintiff's claims. Moreover, the Complaint does not meet the pleading standard required under *Iqbal*. 129 S.Ct. at 1949 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citations omitted). There is no explanation of the circumstances surrounding the removal of the "personal protection" from Plaintiff nor sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129

S.Ct. At 1949 (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plaintiff merely insinuates that Defendant is "guilty of code violations" but states nothing more than these conclusory allegations. (Dkt. No. 1 at 1.)

Procedurally, the Court finds that Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure.  Although courts are to give liberal construction to the pleadings of *pro se* litigants, the Eleventh Circuit has required them to "conform to procedural rules." *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Here, Plaintiff did not adhere to several requirements for filing a complaint.  First, Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  Nowhere in the Complaint did Plaintiff allege a proper basis for this Court's exercise of subject matter jurisdiction.

Plaintiff also failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," as is required by Rule 8 of the Federal Rules of Civil Procedure.  Further,  Plaintiff fails to comply with Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Plaintiff's Complaint is in the format of a one-paragraph statement which is devoid of any ascertainable legal claims.

Accordingly, and after due consideration, it is **RECOMMENDED** that the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 2) be **DENIED** and the Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** at Tampa, Florida, this 29th day of June, 2011.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc)*.

Copies furnished to:

Hon. James S. Moody, Jr.

*Pro se* Plaintiff