UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MOHAMMED M. HUNAFA,**

    **Plaintiff,**

v.                                           Case No: 8:11-CV-1419-T-30AEP

**LIEUTENANT STANLEY SCHAEFFER/
MANATEE COUNTY SHERIFF OFFICE**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's Amended Complaint (Dkt. No. 4), and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 5), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*. On June 29, 2011, the undersigned recommended that Plaintiff's first Motion to Proceed *In Forma Pauperis* be denied and that Plaintiff's Complaint be dismissed. (Dkt. No. 3). On August 18, 2011, the Court adopted the Report and Recommendation and dismissed Plaintiff's Complaint. However, on July 6, 2011, Plaintiff filed an Amended Complaint (Dkt. No. 4) and a second Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 5) for the Court's review.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it *sua sponte* if the Court determines that the action is frivolous or

malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed.Appx. 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009). In reviewing the Complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff seems to allege in his Amended Complaint that "Lt. Schaeffer and the investigation team stopped [him] without referential probable cause" (Dkt. No. 4 at 3) and that they "acted against the provision of the constitution to be [free] from illegal search and seizure" (Dkt. No. 4 at 2-3). He also alleges that they illegally confiscated property from his person, which is a violation of "Florida state statute 790 covering weapons and specifically Florida state statute 790.233 of same weapons regulation." (Dkt. No. 4 at 5.) Based on the Amended Complaint, the only viable federal cause of action would be an illegal search and seizure in violation of the Fourth Amendment.[1] However, Plaintiff merely references *a*

---

[1]The Court notes that Plaintiff never explicitly references the Fourth Amendment.

2

constitution—not the United States Constitution. Further, Plaintiff attaches the Constitution of the State of Florida to his Amended Complaint. As such, the Court can only assume that Plaintiff is referring to the latter document. Accordingly, Plaintiff has failed to allege a federal cause of action.

Assuming, however, that Plaintiff meant to allege a violation of the Fourth Amendment to the U.S. Constitution, Section 1983 requires a plaintiff to show that she "was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir.2001); *see* 42 U.S.C. § 1983 (1996)[2]. "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." *Almand v. DeKalb County, Ga.*, 103 F.3d 1510, 1512 (11th Cir.1997); *Cannon v. Taylor*, 782 F.2d 947, 949 (11th Cir.1986) ("[T]o sustain a 1983 action, a plaintiff must make a prima facie showing that the act or omission of a person acting under color of state law deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."). A district court considering dismissal in a Section 1983 case "should assume, on a case-by-case basis, that well pleaded factual

---

[2] Section 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983 (1996).

allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 709-710 (11th Cir. 2010).

As an initial matter, Plaintiff fails to specify whether Lieutenant Schaeffer is being sued in his individual or official capacity. When "a section 1983 plaintiff sues government employees (such as police officers) in their official capacities, the suit is in actuality against the governmental entity that the individuals represent." *Farred v. Hicks*, 915 F.2d 1530, 1532 (11th Cir. 1990). In order to hold a governmental entity liable under section 1983, a plaintiff must show that a governmental "policy or custom" is the "moving force" behind the constitutional deprivation. *Id*. at 1532-33. As Plaintiff has made no such allegations, the Court is left to assume that Lt. Schaeffer is being sued in his individual capacity. However, Plaintiff has provided nothing but conclusory allegations to support a claim against Lt. Schaeffer in his individual capacity and thus fails to meet the pleading standard required under *Iqbal*. 129 S.Ct. at 1949 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citations omitted). There is no explanation of the circumstances surrounding the "confiscation of items permitted to be carried legally" nor sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. At 1949 (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiff merely contends, loosely, that Lt. Schaeffer had no probable cause to stop Plaintiff on the date in question.

4

Procedurally, the Court finds that Plaintiff's Complaint does not comply with the Federal Rules of Civil Procedure. Although courts are to give liberal construction to the pleadings of *pro se* litigants, the Eleventh Circuit has required them to "conform to procedural rules." *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Here, Plaintiff did not adhere to several requirements for filing a complaint. First, Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Nowhere in the Complaint did Plaintiff allege a proper basis for this Court's exercise of subject matter jurisdiction, as the Court cannot ascertain a single reference to the U.S. Constitution or federal law.[3] In addition, Plaintiff failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint is devoid of any clear facts surrounding the search and seizure or the alleged lack of probable cause.

Further, Plaintiff still fails to comply with Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Although the Court recognizes that the Amended Complaint is an upgrade from Plaintiff's initial one-paragraph Complaint (Dkt. No. 1), it still does not sufficiently comply with this procedural rule.

---

[3]The Amended Complaint certainly fails to allege diversity jurisdiction, so the Court has not addressed this matter.

Accordingly, and after due consideration, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 5) be **DENIED WITHOUT PREJUDICE** and Plaintiff's Amended Complaint (Dkt. No. 4) be **DISMISSED**.

**IT IS SO REPORTED** at Tampa, Florida, this 24th day of October, 2011.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James S. Moody, Jr.

*Pro se* Plaintiff